**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 23-4457**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ALAN PUFF,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:22-cr-00044-AWA-DEM-1)

―――――――――

Submitted:  March 12, 2025                          Decided:  March 17, 2025

―――――――――

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

**ON BRIEF:** Dana R. Cormier, DANA R. CORMIER, PLC, Staunton, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Richmond, Virginia, Victoria Liu, Special Assistant United States Attorney, Baltimore, Maryland, Megan M. Montoya, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Alan Puff was convicted by a jury of attempted coercion and enticement of a minor, in violation of 18 U.S.C. §§ 2422(b), 2 (Count 1); attempted sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(1), 2 (Count 2); destruction, alteration, or falsification of records in a federal investigation, in violation of 18 U.S.C. § 1519 (Count 3); and making a false statement or representation in a matter within the jurisdiction of the United States government, in violation of 18 U.S.C. § 1001 (Count 4). The district court sentenced Puff to 204 months' imprisonment. On appeal, Puff argues that the trial evidence was insufficient to support his convictions on Counts 1 and 2. We affirm.

We review de novo the denial of a motion for a judgment of acquittal under Fed. R. Crim. P. 29. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). When a defendant challenges the sufficiency of the trial evidence on appeal, we view the evidence in the light most favorable to the Government and will sustain the jury's verdict if it is supported by substantial evidence. *Id.* Substantial evidence in this context is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In conducting our substantial evidence review, we will not resolve conflicts in the evidence or evaluate witness credibility. *Id.* "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (internal quotation marks omitted).

Puff makes a single challenge to his convictions on Counts 1 and 2: that there is insufficient evidence that he knew that he had agreed to pay for sex acts with a minor.

2

Count 1 charged Puff with attempted coercion and enticement of a minor under 18 U.S.C. § 2422(b). Section 2422(b) prohibits a person from using "any facility or means of interstate or foreign commerce" to "knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense" or attempting to do so. 18 U.S.C. § 2422(b). To convict Puff under § 2422(b), the Government had to prove that he (1) used a facility of interstate commerce; (2) to knowingly persuade, induce, entice, or coerce, or attempt to persuade, induce, entice, or coerce, any person under the age of 18; (3) "to engage in illegal sexual activity." *United States v. Engle*, 676 F.3d 405, 411-12 (4th Cir. 2012). "Section 2422(b) does not require that the sexual contact occur, but that the defendant sought to persuade the minor to engage in that conduct." *Id.* at 412 (internal quotation marks omitted).

Count 2 charged Puff with attempted sex trafficking of a minor under 18 U.S.C. § 1591(a)(1). As relevant here, § 1591(a)(1) provides that a person shall not knowingly recruit, entice, harbor, transport, provide, obtain, patronize, or solicit a person, knowing or in reckless disregard of the fact "that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1). To convict Puff of an attempted violation of § 1591(a)(1), the Government had to prove that he (1) knowingly attempted to recruit, entice, harbor, transport, provide, obtain, patronize, or solicit a person; (2) knew or recklessly disregarded that the person was under the age of 18 and would be caused to engage in a commercial sex act, and (3) his conduct was in or affected interstate commerce. *United States v. Haas*, 986 F.3d 467, 478 (4th Cir. 2021).

3

A person who contravenes § 1591(a)(1) faces an enhanced penalty if the victim is younger than 14 years old.  18 U.S.C. § 1591(b)(1).

Puff was convicted of attempted violations of both § 2422(b) and § 1591(a)(1).  "An attempt to commit a crime, which is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance."  *Engle*, 676 F.3d at 419 (internal quotation marks omitted).  "[I]n order to convict a defendant of attempt, the government must prove beyond a reasonable doubt, that (1) he had culpable intent to commit the crime and (2) he took a substantial step towards completion of the crime that strongly corroborates that intent."  *Id.* at 419-20.

Puff contends that there is insufficient evidence of his knowledge that he had agreed to pay for sex acts with a minor.  But having thoroughly reviewed the record, we conclude that Puff cannot meet his "heavy burden" on appeal.  *Savage*, 885 F.3d at 219 (internal quotation marks omitted).  When viewed in the light most favorable to the Government, the trial evidence establishes that the FBI engaged in an undercover operation with the purpose of identifying and apprehending persons with a sexual interest in children.  As part of that operation, an FBI agent created an online advertisement for a "young and fresh" prostitute on a commonly used prostitution website.  J.A. 502.[1]  The age of the prostitute specified in the advertisement—96 years old—was obviously fake, suggesting that the prostitute would not be of majority age.

---

[1] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

4

Puff used an alternate phone number generated through the TextNow application[2] to respond to the advertisement, and the person who responded—an undercover FBI agent—informed Puff that the purported prostitute was 13 years old. Although Puff testified at trial that he never saw that text message, he admitted during a post-arrest interview that he read part of the text message containing that information. The jury also apparently rejected Puff's testimony on that topic. *See United States v. Devine*, 40 F.4th 139, 146 (4th Cir. 2022) (recognizing that "we may not reweigh witness credibility, which is the sole province of the jury" (internal quotation marks omitted)); *United States v. Dennis*, 19 F.4th 656, 668 (4th Cir. 2021) (explaining that "[t]he jury was not required to accept [the defendant's] alternative account" and that "we will not second guess [the jury's] credibility determination" (internal quotation marks omitted)).

Puff then used his personal phone number, i.e., the phone number associated with his cell phone, to respond to the same advertisement, and the agent again told him that the prostitute was "young." J.A. 580. Puff confirmed that he was "ok with young." J.A. 580. The agent then informed Puff that the prostitute was 13 years old, and Puff asked whether the agent was affiliated with law enforcement. After the agent answered in the negative, Puff still expressed interest in meeting. It was not until about 20 minutes after the agent informed Puff of the purported prostitute's age that Puff apologized to the agent and told the agent that he could not engage in sex acts with a 13-year-old girl.

---

[2] According to the trial evidence, TextNow provides anonymity and makes it more difficult to trace the phone number to the user.

But Puff almost immediately returned to his TextNow chat with the agent—a conversation during which he was previously told that the purported prostitute was 13 years old—and again sought to meet the prostitute to engage in sex acts that he proposed, such as watching the girl masturbate and receiving oral sex from her. A reasonable inference thus exists that Puff sent the apology message only because he realized that he was using his personal phone number to schedule a meeting to pay for sex acts with a minor. And while Puff claims that he did not know he was continuing the TextNow conversation from the day before because he regularly deleted all his conversations, there is significant contrary evidence in the conversation itself. Puff's knowledge of the prostitute's age is thus established through the text messages themselves.

There is also circumstantial evidence that Puff knew that the purported prostitute was only 13 years old. First, Puff repeatedly asked the agent if she was a police officer or affiliated with law enforcement during the text conversations. Second, Puff conducted countersurveillance of the meeting area (a hotel) just before the meeting. During that meeting, Puff gave an undercover agent $60 and confirmed that he wanted to receive oral sex from the purported prostitute. Third, Puff deleted the TextNow application from his cell phone after his arrest because his conversation with the agent was within that application. Puff then initially lied about doing so. *See United States v. Ath*, 951 F.3d 179, 187 (4th Cir. 2020) ("Juries may . . . consider false exculpatory statements as evidence of a defendant's consciousness of guilt, meaning the defendant knew he was doing something wrong or illegal, which bears on the issue of knowledge." (internal quotation marks

6

omitted)).   A reasonable juror could view that conduct as extreme for someone who allegedly believed he was simply visiting an adult prostitute.

Finally, perhaps the most damning evidence of Puff's knowledge of the purported prostitute's age are his own post-arrest statements to law enforcement agents.  Notably, Puff admitted to agents that he knew that the purported prostitute was 13 years old and that he thought engaging in sex acts with her would be "something different."  J.A. 245, 559. Puff also explained that he was nervous to meet with the prostitute because of her age and that he had not been similarly nervous meeting with adult prostitutes in the past.  While Puff testified that he made those statements when he was "zoned out" and sought to recharacterize the "something different" statement, the jury rejected Puff's testimony, and we will not second guess that rejection.  J.A. 338.

At bottom, we are satisfied that substantial evidence establishes Puff's knowledge that he had agreed to pay for sex acts with a 13-year-old girl and that Puff's evidentiary sufficiency challenge to his convictions on Counts 1 and 2 therefore must fail.  We thus affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*